UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **15-20708** CR-SCOLA/OTAZO-REYES

18 U.S.C. § 1343
18 U.S.C. § 981
18 U.S.C. § 2

FILED by _____ D.C.

SEP 10 2015

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

UNITED STATES OF AMERICA

vs.

JESUS MANUEL RODRIGUEZ,

           Defendant.

_____/

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At various times relevant to this Indictment:

1. Defendant **JESUS MANUEL RODRIGUEZ** was the Chief Executive Officer of Kidozen Inc., a technology company located at 80 SW 8th Street, Suite 3350, Miami, Florida, that purportedly offered mobile application services.

2. **JESUS MANUEL RODRIGUEZ** maintained control of the bank account belonging to Kidozen Inc. at Bank of America ending in 0437.

### WIRE FRAUD
### (18 U.S.C. § 1343)

3. From at least as early as in or around August 2013, through in or around the date of the return of this Indictment, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**JESUS MANUEL RODRIGUEZ,**

did knowingly and with intent to defraud, devise and intend to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, knowing that the pretenses, representations and promises were false and fraudulent when made, and did knowingly transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures and sounds for the purpose of executing the scheme and artifice.

### PURPOSE OF THE SCHEME AND ARTIFICE

4. It was the purpose of the scheme and artifice for the defendant to unlawfully enrich himself by misappropriating monies from investors by making materially false and fraudulent representations and concealing and omitting to state material facts concerning, among other things, the financial condition of Kidozen Inc., the number of customers who were paying Kidozen Inc. for its services, and the manner in which investor funds would be used.

### MANNER AND MEANS

The manner and means by which the defendant sought to accomplish the purpose of the scheme and artifice included, among others, the following:

5. **JESUS MANUEL RODRIGUEZ** solicited investors by, among other things, sending electronic messages through wires, travelling from Broward County in the Southern District of Florida to California, and meeting with a representative for a hedge fund. During such solicitations, **RODRIGUEZ** represented that investor money would be used for business expenses related to the growth of Kidozen Inc.

6. As part of his pitch to investors, **JESUS MANUEL RODRIGUEZ** would make false and fraudulent assurances about the safety and soundness of the investment, by, among other things, falsely and fraudulently representing that Kidozen Inc. had the ability to repay investors

because the company had a significant number of paying customers, high profits, and significant assets.

7.      To induce investors to invest in Kidozen Inc., **JESUS MANUEL RODRIGUEZ** promised to deliver Series A Convertible Preferred Stock, which would entitle the investors to receive dividends from Kidozen Inc.

8.      As part of the scheme and artifice, **RODRIGUEZ** made numerous materially false and fraudulent statements to investors, and concealed and omitted to state material facts to investors, including, among others, the following:

### Materially False Statements

(a)     That Kidozen Inc. had over 58 paying customers, including many customers who were paying money directly into a bank account belonging to Kidozen Inc.;

(b)     That Kidozen Inc. consistently earned high profits by selling services to its customers;

(c)     That Kidozen Inc. had approximately $1,200,000 in reserves that was held in a bank account;

(d)     That Kidozen Inc. received a letter of intent from a large technology company stating that the company intended to purchase Kidozen, Inc. approximately $50 million.

### Concealment and Omission of Material Facts

(e)     That Kidozen Inc. had substantially fewer customers than **JESUS MANUEL RODRIGUEZ** represented to investors;

(f)     That **JESUS MANUEL RODRIGUEZ** used investor money for his personal use and to further the fraud; and

(g)     That Kidozen Inc. was far less profitable than **JESUS MANUEL RODRIGUEZ** represented to investors.

9.     As a result of **JESUS MANUEL RODRIGUEZ**'s misrepresentations, omissions, and actions, a hedge fund wired money into a bank account that **RODRIGUEZ** controlled. Rather than invest the money as promised, **RODRIGUEZ** used the fraudulently obtained money for his own personal use and benefit, and to further the fraud.

## USE OF THE WIRES

10.    On or about November 22, 2013, **JESUS MANUEL RODRIGUEZ**, for the purpose of executing the aforesaid scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, did knowingly transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, that is, a wire transfer from a bank account at CitiGroup Global Markets, Inc., in New York, New York, belonging to a hedge fund, in the approximate amount of $5,000,0000, to the Kidozen Inc. bank account ending in 0437 controlled by **RODRIGUEZ** at Bank of America, in Boca Raton, Florida, in the Southern District of Florida, in violation of Title 18, United States Code, Sections 1343 and 2.

## FORFEITURE
## (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

1.  The allegations of this Indictment are re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant has an interest.

2.  Upon conviction of the violation of Title 18, United States Code, Section 1343 set forth in the Indictment, the defendant, **JESUS MANUEL RODRIGUEZ**, shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such violation.

3.  The property subject to forfeiture includes, but is not limited to:

    (a) the sum that constitutes the gross proceeds the defendant derived from the offenses alleged in this Indictment, which sum may be sought as a money judgment.

4.  If any of the property described above, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 981(a)(1)(C); and the procedures set forth in Title 21, United States Code, Section 853.

A TRUE BILL

FOREPERSON

_____
WIFREDO A. FERRER
UNITED STATES ATTORNEY

_____
H. RON DAVIDSON
ASSISTANT U.S. ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

vs.

JESUS MANUEL RODRIGUEZ
                Defendant.
_____/

CASE NO. _____

## CERTIFICATE OF TRIAL ATTORNEY

**Superseding Case Information:**

**Court Division:** (Select One)

| | | | | |
|---|---|---|---|---|
| _X_ | Miami | ____ | Key West | |
| ____ | FTL | ____ | WPB | ____ FTP |

New Defendant(s)    Yes ____   No ____
Number of New Defendants  ____
Total number of counts  ____

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No)   _Yes_
   List language and/or dialect   _Spanish_

4. This case will take _4_ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

    (Check only one)

    | | | | | | |
    |---|---|---|---|---|---|
    | I | 0 to 5 days | _x_ | Petty | ____ | (Check only one) |
    | II | 6 to 10 days | ____ | Minor | ____ | |
    | II | 11 to 20 days | ____ | Misdem. | ____ | |
    | IV | 21 to 60 days | ____ | Felony | _x_ | |
    | V: | 61 days and over | ____ | | | |

6. Has this case been previously filed in this District Court? (Yes or No)   _No_
    If yes:
    Judge: _____   Case No. _____
    (Attach copy of dispositive order)
    Has a complaint been filed in this matter? (Yes or No)   _No_
    If yes:
    Magistrate Case No. _____
    Related Miscellaneous numbers: _____
    Defendant(s) in federal custody as of _____
    Defendant(s) in state custody as of _____
    Rule 20 from the _____ District of _____

    Is this a potential death penalty case? (Yes or No)   _No_

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003? ____ Yes _X_ No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007? ____ Yes _X_ No

                        _____
                        H. RON DAVIDSON
                        ASSISTANT UNITED STATES ATTORNEY
                        Court No. A5501144

*Penalty Sheet(s) attached                                             REV 4/8/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: Jesus Manuel Rodriguez

**Case No**: _____

Count #: 1

Wire Fraud

Title 18, United States Code, Section 1343

\* **Max. Penalty**:          20 years' imprisonment

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.