UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. **15-20708-CR-SCOLA**

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

JESUS MANUEL RODRIGUEZ,

        Defendant.

_____/

**PRELIMINARY ORDER OF FORFEITURE**

THIS CAUSE is before the Court upon motion of the United States of America (the "United States") for entry of a Preliminary Order of Forfeiture for a money judgment in the amount of $5 million in U.S. currency, and the forfeiture of specific property in satisfaction thereof, pursuant to 18 U.S.C. § 981 (a)(1)(C), and the procedures set forth in 21 U.S.C. § 853 and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure.  Being fully advised in the premises and based on the United States' Unopposed Motion for Preliminary Order of Forfeiture, and Memorandum of Law in Support Thereof, the record in this matter, and for good cause shown thereby, the Court finds as follows:

    1.    On or about September 10, 2015, a grand jury indicted Defendant Jesus Manuel Rodriguez (the "Defendant") on wire fraud, in violation of 18 U.S.C. § 1343.  The Indictment alleged that from at least as early as in or around August 2013, through in or around the date of the return of the Indictment, the Defendant did knowingly and with intent to defraud, devise and intended to devise a scheme to obtain money and property by making materially false and fraudulent representations regarding Kidozen Inc. ("Kidozen").  Specifically, for the purpose of

executing this fraudulent scheme, the Defendant caused to be transmitted, via wire transfer, $5 million to a bank account held by Kidozen, which he controlled. The Indictment also included forfeiture allegations, which alleged that upon conviction of the charged violation and pursuant to 18 U.S.C. § 981(a)(1)(C), which is made criminally applicable by 28 U.S.C. § 2461(c), the Defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to the offense. The Indictment provided notice that the property subject to forfeiture includes, but is not limited to, the sum that constitutes the gross proceeds the Defendant derived from the offense alleged in the Indictment, which may be sought as a money judgment. In addition, the Indictment also provided notice that if any forfeitable property, as a result of an act or omission of the Defendant, cannot be located, was transferred, or commingled and cannot be divided without difficulty, the United States is entitled to substitute property, pursuant to 21 U.S.C. § 853(p).

2. On or about February 4, 2016, the Defendant pleaded guilty to wire fraud, as charged in the Indictment. In particular, the Defendant admitted that as result of certain false or fraudulent representations, on November 22, 2013, a hedge fund wired approximately $5 million to Kidozen's Bank of America account in the Southern District of Florida. On or about September 11, 2015, federal agents sized funds that were traceable to the proceeds of the Defendant's fraud from the Defendant's Bank of America account numbers ending in 7932 and 8608. On or about September 14, 2016, federal agents seized one diamond ring from the Defendant, which was purchased with proceeds traceable to the Defendant's fraud.

3. In a written Plea Agreement, the Defendant agreed to forfeit to the United States voluntarily and immediately all property, real or personal, which constitutes or is derived from proceeds traceable to his wire fraud. He agreed that such forfeiture includes a money judgment

in the amount of $5 million, and property in satisfaction of that money judgment, including but not limited to:

    (i)      One diamond ring, seized from the Defendant on or about September 14, 2015;

    (ii)      $8,852.71 in U.S. currency, seized on or about September 11, 2015, from account number ending in 7932 held by the Defendant at Bank of America; and

    (iii)      $2,956.04 in U.S. currency, seized on or about September 11, 2015, from account number ending in 8608 held by the Defendant at Bank of America.

4.      The Defendant agreed that the United States shall be entitled to substitute property of the Defendant up to value of the $5 million in order to satisfy the money judgment. He agreed to take all steps necessary to locate property which could be used to satisfy the money judgment, and to pass title to the United States before the defendant's sentencing. The Defendant also agreed to liquidate assets, or complete any other tasks which will result in immediate payment of the forfeiture, as requested by the Government.

5.      The Defendant also agreed to consent to entry of orders of forfeiture for such property and waived the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the Indictment, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. He also agreed that the conduct described in the Indictment and the Statement of Facts provides a sufficient factual and statutory basis for forfeiture.

6.      The Defendant has since identified several assets, including Bank of America checking accounts, with a total balance of approximately $282,757.08 in U.S. currency. On or about April 12, 2016, counsel for the Defendant confirmed that the current balance of the

Defendant's Bank of America account number ending in 8480 is approximately $277,022.83 in U.S. currency.

7. Based on the Defendant's guilty plea and his Plea Agreement, $5 million in U.S. currency is the total amount of proceeds traceable to the Defendant's violation of 18 U.S.C. § 1343, as charged in the Indictment. In addition, the following property is subject to forfeiture as proceeds traceable to the Defendant's fraud:

(i) One diamond ring, seized from the Defendant on or about September 14, 2015;

(ii) $8,852.71 in U.S. currency, seized on or about September 11, 2015, from account number ending in 7932 held by the Defendant at Bank of America; and

(iii) $2,956.04 in U.S. currency, seized on or about September 11, 2015, from account number ending in 8608 held by the Defendant at Bank of America.

8. As indicated in the Declaration of Special Agent Cherice Abelard, Federal Bureau of Investigation ("FBI"), due to the Defendant's acts or omissions, other directly forfeitable property cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled proceeds cannot be divided without difficulty. Therefore, the United States has satisfied the criteria of 21 U.S.C. § 853(p) to allow for the forfeiture of the funds in Defendant's Bank of America account number ending in 8480 as substitute property in satisfaction of the proposed money judgment.

**THEREFORE**, the United States' Unopposed Motion for Preliminary Order of Forfeiture is hereby **GRANTED**, and it is hereby **ORDERED** that:

1. A forfeiture money judgment is hereby entered against the Defendant Jesus

Manuel Rodriguez in the sum of $5 million in U.S. currency;

2. The following property is hereby forfeited to the United States in satisfaction of such forfeiture money judgment:

(i) One diamond ring, seized from Defendant Jesus Manuel Rodriguez on or about September 14, 2015;

(ii) $8,852.71 in U.S. currency, seized on or about September 11, 2015, from account number ending in 7932 held by Defendant Jesus Manuel Rodriguez at Bank of America;

(iii) $2,956.04 in U.S. currency, seized on or about September 11, 2015, from account number ending in 8608 held by Defendant Jesus Manuel Rodriguez at Bank of America; and

(iv) $50,000 in U.S. currency, from account number ending in 8480 held by Defendant Jesus Manuel Rodriguez at Bank of America;

3. An agent of the Federal Bureau of Investigation, or any duly authorized law enforcement official, shall as soon as practicable, seize the property ordered forfeited herein pursuant to 21 U.S.C. § 853(g) and Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure;

4. The United States shall send and publish notice of the forfeiture in accordance with Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure;

5. The United States is authorized, pursuant to Rule 32.2(b)(3), (c)(1) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m), to conduct any discovery necessary, including depositions, to identify, locate or dispose of the property or in order to expedite ancillary proceedings related to any third-party petition;

6. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order is final as to Defendant Jesus Manuel Rodriguez and shall be made part of the sentence of the Court and referenced in the judgment and commitment order issued in this case; and

7. The Court shall retain jurisdiction in this matter for the purpose of enforcing this

Order.

It is further **ORDERED** that upon adjudication of all third-party interests, if any, the Court will enter a final order of forfeiture as to the property in which all interests will be addressed.  If no claims are filed within sixty (60) days of the first day of publication or within thirty (30) days of receipt of actual notice, whichever is earlier, then, pursuant to Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure, this Order shall become a Final Order of Forfeiture and an official of the Federal Bureau of Investigation, or any duly authorized law enforcement official, shall dispose of the property in accordance with applicable law.

**DONE AND ORDERED** in Miami, Florida, on April 14, 2016.

_____
ROBER N. SCOLA, JR.
UNITED STATES DISTRICT JUDGE


cc:      Nalina Sombuntham, Assistant U.S. Attorney (2 certified copies)